## In re QUANDT BREWING CO.
### No. 26617.

District Court, N. D. New York.

April 30, 1942.

George J. Hatt, 2d, of Albany, N. Y., for trustee in bankruptcy.

Cooper, Erving & Savage, of Albany, N. Y. (Edward S. Rooney, of Albany, N. Y., of counsel), for Frederick W. Drybrough, trustee for creditors.

Edwin R. Wolff, of New York City, for respondent Ross.

BRIGHT, District Judge.

Motion by Frank M. Wright, as trustee of the above named bankrupt, for an order denying the application of Nathan Ross to make the trustee a party defendant in an action to be brought by Ross in the New York Supreme Court, to set aside an assignment of a mortgage originally given on July 1, 1924, by the bankrupt to S. Bolton's Sons upon its brewery property on River Street in Troy, which mortgage was assigned by Ross, who had obtained title to it by mesne assignments, to Frederick W. Drybrough, as trustee, on June 7, 1937. The Manufacturers National Bank of Troy, it is said, has a prior claim upon the mortgage because of an assignment as collateral security for the payment of a loan made by the bank to the bankrupt. The trustee in bankruptcy also petitions that Ross, the bankrupt and Drybrough be directed to show cause why the questions relating to the ownership of the mortgage should not be adjudicated in this proceeding.

The facts are not completely set out in the moving and opposing papers, but from them and the briefs submitted, they appear to be as follows:

Evil days befell the bankrupt and it became unable to pay its debts. Certain of its creditors represented by Drybrough, apparently demanded some solution of the problem, and that demand resulted in an agreement of March 24, 1937, between the bankrupt, represented by Ross, and Drybrough, under which the bankrupt agreed to pay to Drybrough as trustee for creditors, 50¢ a barrel of all beer sold by it, and as security for this promise, further agreed to mortgage its brewery, and Ross personally agreed among other things to assign to Drybrough his interest in the Bolton mortgage. This agreement, however, was not to be consummated unless 75% or more of the creditors acquiesced, which they ultimately did. On June 8, 1937, Ross made the assignment of the Bolton mortgage to Drybrough as trustee, and the bankrupt executed to Drybrough a second mortgage upon the same real estate and its machinery and equipment.

This attempted rescue of the brewery did not take. On June 10, 1938, a petition for reorganization was filed by the bankrupt under the then provisions of Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Trustees were appointed and failed to accomplish the reorganization. On June 21, 1941, the Quandt Brewing Company was adjudged a bankrupt and Frank M. Wright was later appointed its trustee and is now acting.

An order was subsequently made in the bankruptcy proceeding, directing the sale of all of the tangible assets of the bankrupt, free and clear of liens, and such a sale was had except of the brewery real estate on River Street, for which no bid was received. The proceeds of the sale are now in the hands of the trustee, who is desirous of rendering his first account, but in this proceeding insists that he cannot do so with safety because of the pending claim of Ross to the Bolton mortgage.

Just prior to the sale, Ross petitioned this court for an order staying the sale and authorizing him to make the trustee a party to the suit which he proposed to bring against Drybrough as trustee to cancel the assignment of the Bolton mortgage, upon the ground that it was obtained from him by fraud and duress. The motion for a stay of the sale was denied, but the bal-

ance of the motion has never been decided and is now before this court. Ross, however, now avers that he is advised by his counsel that the trustee is not a necessary party in such suit, but he persists in opposing the trustee's present motion "so that no questions could thereafter arise as between the trustee in bankruptcy and your deponent, pertaining to the validity of the original Bolton mortgage". Ross, however, maintains that the proceeds of the sale of the contents of the River Street brewery property are insufficient to pay the prior liens against the same, if prior claims, administration expenses and debts due from the trustees in reorganization are required to be paid out of such funds. If they are, there would be no money applicable to the payment of the Bolton mortgage which would make the determination of the title to the mortgage of no consequence. He asks, therefore, that a determination be now made as to whom the proceeds of that sale should be applied.

Perhaps such a determination upon notice to all parties interested would answer the problems of both parties to this present motion, but there are not sufficient facts before me to make any such determination and none is made.

The only question which seems to be properly before me at this time is whether leave should be given to Ross to make the trustee in bankruptcy a party to an action in the State Court to set aside the assignment of the Bolton mortgage, which has not been brought and which, under the circumstances, may never be brought.

Ross contends that this court has no jurisdiction to determine the title to the Bolton mortgage as between him and Drybrough, but that it has jurisdiction to determine whether or not the owner of that mortgage has any claim against the proceeds of sale.

■ I do not think the trustee in bankruptcy would be a proper party to any action to determine the title to the Bolton mortgage as between Ross and Drybrough. The reason given by Ross for his desire to make the trustee such party—to avoid any question as to the validity of the lien of the Bolton mortgage—is not sufficient. The question of such validity can be determined in the bankruptcy proceeding (Title 11 U.S.C.A. § 11, sub. a(2) (7). United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205–216, 32 S.Ct. 620, 56 L.Ed. 1055. It is

not involved in the dispute between Ross and Drybrough.

This alone should be sufficient basis for the refusal to permit suit by Ross against the trustee in the State Court upon the cause of action asserted. But an additional reason, and I think an answer to the trustees' request for an order that the ownership of the mortgage be adjudicated in the bankruptcy proceedings, is that, in my opinion, the bankruptcy court would have no jurisdiction to determine the dispute between Ross and Drybrough as to which has title to the Bolton mortgage. The bankrupt estate is not interested in that beyond the question as to which some portion of the proceeds of the sale may be payable under that lien. The final settlement of the estate need not await the determination of that title. The amount payable under that mortgage, if any, may be deposited with the clerk of this court and be distributed by him when the dispute is finally settled by a decree of a competent court. United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205–218, 219, 32 S.Ct. 620, 56 L.Ed. 1055; In re Railroad Supply Co., 7 Cir., 78 F.2d 530–532; United States v. Jaeger, 2 Cir., 117 F.2d 483–486.

The motion to deny the application of Nathan Ross to make the trustee in bankruptcy a party in the state court action is granted. The motion to compel Ross and Drybrough to litigate the dispute as to the title to the Bolton mortgage in the bankruptcy court is denied.